# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY TERRY JONES, | ) |
| Petitioner, | ) |
| v. | ) Civil Action |
| | ) No. 08-3037-CV-S-ODS-H |
| MARTY C. ANDERSON, Warden, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Petitioner prepaid the filing fee and does not request leave to proceed in forma pauperis. Because petitioner has failed to state a constitutional violation, it must be recommended that the motion for habeas corpus relief be dismissed without prejudice.

Petitioner asserts that he is being illegally housed at the Medical Center. It is his contention that he is a low security inmate, and that he is currently housed at a high-level administrative medical facility. He contends that he was arbitrarily transferred from FCI/LOW Texarkana to the Medical Center's Work Cadre Program. It is his position that this transfer is in violation of a transfer for medical treatment. He also asserts that he has made a good faith effort to pursue his administrative remedies challenging his transfer, but the Medical Center has ignored his requests and denied him his right to exhaust his administrative remedies.

After a Show Cause Order was entered, the United States filed its response. Counsel for petitioner filed a Motion to Withdraw. Thereafter, petitioner was granted an opportunity to file a

pro se traverse.

A review of the record indicates that petitioner did not file a traverse. In a Motion to Expedite Hearing and Decision, dated December 23, 2008, he states that his traverse was filed on September 29, 2008. This Court is aware that petitioner has another pending case, Jones v. Anderson, 08-3074-CV-S-RED-H, in which he did file a traverse on October 2, 2008. Because petitioner has raised essentially the same or similar issues in both cases, it may be that he inadvertently failed to file the traverse in this case. Having fully reviewed the issues raised by petitioner in both cases, the Court is satisfied that petitioner's claims are properly before the Court for resolution.

Respondent submits that petitioner was appropriately transferred to the Medical Center pursuant to BOP Program Statement 5100.08, Inmate Security Designation and Custody Classification, and 6031.01, Patient Care, and that he is properly housed in the work cadre unit at the Medical Center. Respondent submits that petitioner has failed to state a constitutional violation because he is properly housed at the Medical Center, and that he has no right to be housed in a given institution.

Pursuant to Moody v. Daggett, 429 U.S. 78, 88 (1976), the BOP's prison classification system does not confer a protected right, and the classification system is entirely within the discretion of prison officials. See 18 U.S.C. § 4081; Carney v. Houston, 33 F.3d 893, 984-95 (8th Cir. 1994). Further, inmates have no right to serve a sentence in a particular institution. Olim v. Wakinekona, 461 U.S. 238, 242 (1983).

The law is clear that petitioner has no right to be housed in an institution of his choice. A review of the record indicates that petitioner is properly classified as a Medical Care Level 3 inmate because of his prosthetic mitral heart valve, and that he is appropriately housed at the Medical

Center. Based on a review of the record as a whole, the Court finds that there has been no abuse of the BOP's discretion regarding his classification. Petitioner has failed to state a constitutional violation regarding being assigned to the work cadre unit at the Medical Center.

Therefore, it will be recommended that the petition for writ of habeas corpus be dismissed without prejudice.

Counsel for the petitioner has filed a Motion to Withdraw. Because there are no issues presented for which relief is appropriate, the motion is granted.[1]

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that the petition herein for a writ of habeas corpus be dismissed without prejudice.

    /s/ James C. England
JAMES C. ENGLAND, CHIEF
United States Magistrate Judge

Date: 1/28/09

---

[1] Petitioner has 10 days to file exceptions to the Report and Recommendation of the United States Magistrate Judge.